IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

| | |
|---|---|
| Vinita Veneziano-Martin<br>1508 Shenandoah Road<br>ALEXANDRIA VA 22308,<br>      *Petitioner*<br><br>v.<br><br><br><br>**David Shulkin**, Secretary<br>810 Vermont Avenue, NW<br>Washington DC 20420<br>UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS,<br>      *Agency* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Dock. # 1:17-cv-1633<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR A WRIT OF MANDAMUS

Petitioner, Vinita Veneziano-Martin, through Counsel, moves the Court to compel the United States Department of Veteran Affairs ("Agency") to enforce the Settlement Agreement entered into as a part of the Petitioner's EEOC Complaint. The Settlement Agreement, dated May 2, 2014, stipulated that the Agency would restore to the Petitioner 379 hours of sick leave that she required as a result of the stress of her initial EEOC complaint. Until now, the Agency has failed to do so. Her appeal to the EEOC has gone unanswered. Mrs. Veneziano-Martin now seeks to have the Agency fulfill its obligations under the Settlement Agreement and restore her sick leave time.

1

Mrs. Veneziano-Martin, through counsel, moves this Court to issue a writ of mandamus.

## FACTUAL BACKGROUND

On May 2, 2014, the Agency and Mrs. Veneziano-Martin entered into a Settlement Agreement for Mrs. Veneziano-Martin's EEOC Complaint. In that Settlement Agreement, the Agency agreed to inter alia restore 379 hours of sick leave time. Of these various promises, only the return of Mrs. Veneziano-Martin's sick leave has yet to be completed. Please note that Mrs. Veneziano-Martin no longer works for the Department of Veterans Affairs and is currently employed with the Department of Defense. Neither organization has returned Mrs. Veneziano-Martin's sick leave time.

Following repeated efforts to ask the Agency to comply with the Settlement Agreement, Mrs. Veneziano-Martin, through counsel, finally filed a Notice of Breach of Settlement Agreement with the EEOC on November 13, 2015. In that Notice, Mrs. Veneziano-Martin asked the EEOC to compel the Agency to comply with the Settlement Agreement. And still, the Agency has refused to do so. On January 20, 2016, counsel for Mrs. Veneziano-Martin received a letter from the Department of Veterans Affairs Office of Resolution Management declaring that under 29 C.F.R. § 1614.504(a), the Agency was, and continues to remain, bound by the Settlement Agreement and must comply with its provisions. To date,

counsel for Mrs. Veneziano-Martin has been in communication with the Agency and is under the impression that the Agency has no intention or desire to comply with the Settlement Agreement. Further, the EEOC has taken no action since its last correspondence.

## JURISDICTION AND VENUE

This District Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1361, which states, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Furthermore, venue is properly laid in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1) as the Defendant is an Agency of the United States residing in the District of Columbia.

## STANDARD OF REVIEW

A writ of mandamus will only be granted when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974) (en banc); *Heneke v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988). Federal district courts have authority to issue writs of mandamus pursuant to 28 U.S.C. § 1361, at the discretion of the Court. *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980). Mandamus generally will not issue unless there is a clear right in the

3

Petitioner to the relief sought, a plainly defined and non-discretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial administrative, available. *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997).

The requirement of a clear duty to act has been interpreted to mean that the duty of the federal officer sued must be "a clear non-discretionary duty." *Pittston Coal Group v. Sebben*, 109 S. Ct. 414, 424 (1988); *Welch v. Donovan*, 551 F. Supp. 809 (D.D.C. 1982). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted).

## ARGUMENT

Under the Administrative Procedure Act (APA), "actions for a mandatory injunction [are authorized] to enforce compliance with its requirements, and requires viewing courts to 'compel agency action unlawfully withheld or unreasonably delayed.'" See *Thompson v. U.S. Dep't of Labor*, 813 F.2d 48, 52 (3rd Cir. 1987) (quoting 5 U.S.C. § 703; 5 U.S.C. § 706(1)). The court in *Thompson* found that the district court erred in granting the defendants' motion for summary judgment. *Id.* The court held that the district court had a "statutory duty to determine whether [the agency had] unreasonably delayed resolution of Thompson's complaint, and if so, what the appropriate remedy should be." *Id.*

Furthermore, the APA requires an agency to conclude matters "with due regard for the convenience and necessity of the parties," and "within a reasonable time." See 5 U.S.C. § 555(b). Under all of these requirements, the Agency must be required to comply with the terms of the Settlement Agreement.

According to the Department of Veterans Affairs Office of Resolution Management letter received by Mrs. Veneziano-Martin's counsel, the Agency "did not comply with the plain and ordinary language of [the Settlement Agreement]" and as a result, Mrs. Veneziano-Martin is entitled to "specific enforcement of the settlement agreement." Thus Mrs. Veneziano-Martin's claim falls within the purview of the APA. Additionally, Mrs. Veneziano-Martin, through counsel, has attempted to enforce this provision since it was agreed upon back in 2014. In fact, the Settlement Agreement states that the parties have 90 days to comply with its provisions. Three years later, the Agency has failed to meet the timeliness requirement of the APA.

## CONCLUSION

Petitioner Vinita Veneziano-Martin, through Counsel, respectfully moves this Court to compel the Agency to issue a Writ of Mandamus to compel the U.S. Department of Veterans Affairs to fulfill its non-discretionary duty under the Settlement Agreement, restore her 379 hours of sick leave, pay interest on said

leave and pay costs and attorney fees since its failure to provide restitution nearly three years ago.

WHEREFORE, Petitioner, by and through counsel, in consideration of the foregoing, prays the above relief be Granted.

Dated: August 13, 2017                Respectfully Submitted.


/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W., Suite 700
Washington, D.C., 20005
O: (202) 558-6371
F: (202) 403-3430
Michael@Eisenberg-lawoffice.com
*Counsel for Petitioner*